No. 87–6599. MOORE v. FULCOMER, SUPERINTENDENT, STATE CORRECTIONAL INSTITUTION AT HUNTINGDON. C. A. 3d Cir. Certiorari denied.

No. 87–6600. BROWN v. DIAZ ET AL. Ct. App. Ga. Certiorari denied. Reported below: 184 Ga. App. 409, 361 S. E. 2d 490.

No. 87–6614. BENNETT v. WESTFALL, SHERIFF OF JACKSON COUNTY, WEST VIRGINIA, ET AL. C. A. 4th Cir. Certiorari denied.

No. 87–6662. OGLESBY v. INDIANA. Sup. Ct. Ind. Certiorari denied.

No. 87–6679. GOROD v. DEMONG ET AL. C. A. 1st Cir. Certiorari denied.

No. 87–6694. KOTYK v. WARD, POLICE COMMISSIONER OF THE CITY OF NEW YORK, ET AL. App. Div., Sup. Ct. N. Y., 1st Jud. Dept. Certiorari denied.

No. 87–725. CUTILLO ET AL. v. CINELLI. C. A. 1st Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

JUSTICE WHITE, with whom THE CHIEF JUSTICE and JUSTICE O'CONNOR join, dissenting.

In *Weatherford* v. *Bursey*, 429 U. S. 545, 558 (1977), we held that establishing a violation of a defendant's Sixth Amendment right to counsel requires a showing of "at least a realistic possibility" of prejudice to the defendant or benefit to the prosecution. See also *United States* v. *Morrison*, 449 U. S. 361, 365–366 (1981). This case presents the issue of who bears the burden of persuasion for establishing prejudice or lack thereof when the Sixth Amendment violation involves the transmission of confidential defense strategy information. The First Circuit held that where confidential defense strategy information is transmitted to the prosecution and the defendant makes a prima facie showing of prejudice, the burden then shifts to the prosecution to prove that there was no prejudice to the defendant from the disclosure. *Cinelli* v. *City of Revere*, 820 F. 2d 474, 478, 480 (1987); accord, *United States* v. *Mastroianni*, 749 F. 2d 900, 907–908 (CA1 1984). This position conflicts with the approach of other Circuits of requiring the

defendant to prove prejudice. *United States* v. *Steele*, 727 F. 2d 580, 586–587 (CA6), cert. denied *sub nom. Scarborough* v. *United States*, 467 U. S. 1209 (1984); *United States* v. *Irwin*, 612 F. 2d 1182, 1186–1189 (CA9 1980). It also conflicts with a third position that once a defendant shows that the prosecution has improperly obtained confidential defense strategy information or has intentionally placed an informer in the defense camp then no showing of prejudice is required, for those acts constitute a *per se* violation of the Sixth Amendment. *United States* v. *Costanzo*, 740 F. 2d 251, 254–255 (CA3 1984), cert. denied, 472 U. S. 1017 (1985). Because of these conflicting approaches among the Circuits, I would grant certiorari.

No. 87–1274. UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, ET AL. *v.* CHEROKEE ELECTRIC COOPERATIVE. C. A. 11th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

This case presents the question whether labor and management may be compelled to arbitrate a grievance that indisputably was filed outside the time limits provided by their collective-bargaining agreement.

The parties to this action entered into a collective-bargaining agreement that provided that "[a]ny grievance not reported within five (5) working days of first knowledge of the occurrence causing the grievance shall be deemed wiaved *[sic]* and non-existent." The grievance at issue here was not reported within the 5-day period. The employer therefore refused to submit the grievance to arbitration.

The union brought an action to compel arbitration in the District Court for the Northern District of Alabama. The court dismissed the action on summary judgment on the ground that the employer "did not agree to submit to arbitration grievances which on their face are untimely and to which the timeliness issue is not disputed." The court rejected the union's contention that the timeliness issue ought to have been submitted to the arbitrator. "To permit an arbitrator to arbitrate the issue of timeliness where there is no dispute over the facts bearing on the timeliness issue would be to waste the time of the arbitrator and of the parties," reasoned the court, "and if an arbitrator should erroneously find that this particular grievance was timely filed, the finding would be so manifestly arbitrary and capricious as to require a reviewing